THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM F.
    MALONEY, Relator, *v.* WARDEN OF NEW YORK COUNTY PENI-
    TENTIARY, Respondent.

Supreme Court, New York County, May 7, 1928.

Crimes — sentence — Parole Board is bound by provisions of Penal Law,
    § 2193 (as amd. by Laws of 1919, chap. 410) — relator entitled to forty
    days he served in jail prior to sentence — sentence has expired — writ
    of habeas corpus sustained and relator discharged — Laws of 1915,
    chap. 579, deemed amended by Laws of 1919, chap. 410.

Since the Parole Board is bound by the amendment to section 2193 of the Penal
    Law (Laws of 1919, chap. 410), which provides that any time spent by a person
    convicted of a crime in a prison or jail prior to his conviction and before sentence
    shall be calculated as part of the sentence imposed upon him, the relator is
    entitled to the benefit of the forty days which he served in a jail prior to the
    date of his sentence; that being so, the time fixed by the three-year sentence
    has expired and, therefore, the writ of habeas corpus is sustained and the
    relator discharged.

Chapter 579 of the Laws of 1915 (Parole Commission Law), which provides for
    sentence, parole and discharge of prisoners, must be deemed amended by
    chapter 410 of the Laws of 1919.

HABEAS CORPUS proceeding.

*William F. Maloney*, relator in person.

*Joab H. Banton* [*Edward V. Loughlin* of counsel], for the respondent.

SHERMAN, J.   The situation in this case appears to be that the Parole Board does not feel bound by the amendment to section 2193 of the Penal Law (Laws of 1919, chap. 410), which went into effect in the year 1919, but rests its views solely upon a construction of chapter 579 of the Laws of 1915.* If the petitioner is given the benefit of the forty days, which concededly he served in jail prior to the date of sentence, then the time fixed by that sentence has matured and the petitioner is entitled to be discharged.   It is my judgment that chapter 579 of the Laws of 1915 must be deemed to have been amended by the legislation of 1919 and that the Parole Board had no right to act in disregard of the amendment of 1919 to section 2193 of the Penal Law.   It further appears that the judge of the Court of General Sessions, in conformity with the provisions of the 1919 statute, indorsed upon the sentence his certificate that from an examination of the records of the court and the statements of the defendant the defendant (the present petitioner) was in prison or jail forty days before the day of sentence.   The day of sentence was May 8, 1925; consequently, if those forty days are taken into consideration, the three-year sentence has expired. Under these circumstances the writ must be sustained and the prisoner discharged.